QUIÑONES, APPELLANT, *v.* REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Germán denying admission to record of a deed of sale.

No. 185.—Decided May 25, 1914.

PROPERTY OF MINORS—TUTOR—CONVEYANCE OF PROPERTY IN PAYMENT OF MORT-GAGE—CANCELLATION OF MORTGAGE—AUTHORIZATION WITH RETROACTIVE EF-FECT.—When, as in the case at bar, the admission to record of a deed to a mortgaged property in payment of the mortgage and for its cancellation, executed by a tutor in the names of his wards, was denied previously because said tutor was not authorized judicially to execute the same (*Quiñones v. The Registrar,* decided March 5, 1914), and the necessary judicial authoriza-tion is obtained later from the district court *nunc pro tunc* as of the date when the deed was executed by the tutor, said judicial decree cures the defect which existed formerly and makes it unnecessary for the tutor to execute a new deed under said judicial authorization.

The facts are stated in the opinion.

*Mr. Benito Forés* for the appellant.

Mr. Rafael B. Sama, the registrar, filed a brief *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 7, 1914, Juan José Tellado, joined by his law-ful wife, Antonia Tomei, executed before Notary Benito Forés y Morazo in the city of San Germán, a public deed of sale to a house situated on Sol Street of the said city in favor of Norberto Alfredo, Rafael Angel and Rosendo de Jesús Qui-ñones e Irizarry, minors and sole heirs of their deceased father, Rosendo Quiñones y Guzmán, they being represented by their testamentary tutor, Tomás Quiñones y Guzmán. In the premises of the deed Juan José Tellado stated that the said sale was made on September 17, 1913, to the said Rosendo Quiñones y Guzmán by a private document, for the sum of $615, of which amount $590 was retained by the purchaser in payment of that amount for which the said house was mort-gaged to him by a deed dated November 10, 1911, the vendor receiving the remaining $25 from the purchaser, and that the contract was not made in a public document on the date of its execution although Rosendo Quiñones y Guzmán, who died

on November 6, 1913, entered into possession of the property at that time.

The Registrar of Property of San Germán denied admission to record of the said deed in the registry of property by a decision of February 9 following, on the ground that the mortgage in payment of which the house was conveyed was the capital of the minor succession of Rosendo Quiñones y Guzmán and their tutor, Tomás Quiñones y Guzmán, could not make contracts or execute instruments subject to record without the proper authorization from the district court. In lieu of the said record a cautionary notice was entered under letter A for 120 days, on folio 8, over, of volume 39 of the municipality of San Germán, property number 2160.

This decision was affirmed by this court in its decision of March 5 last in an administrative appeal taken therefrom.

The deed of January 7, 1914, was again presented in the Registry of Property of San Germán for the conversion of the cautionary notice into a final record, accompanied by two certificates of the secretary of the District Court of Mayagüez, one of which certified that on December 15, 1913, the said court had appointed Tomás Quiñones y Guzmán as tutor of the minors Norberto Alfredo, Rafael Angel, and Rosendo de Jesús Quiñones e Irizarry, and the other that a decision was rendered by the said court on March 13 last, granting to Tomás Quiñones y Guzmán the necessary authorization as tutor of the minor children of his brother, Rosendo Quiñones y Guzmán, to accept the conveyance of the house described (the same house referred to in the deed of January 7, 1914,) made by Juan Tellado and his wife to Rosendo Quiñones y Guzmán in payment of the mortgage, the said authorization being *nunc pro tunc* as of January 7 of the same year, and ratifying and approving the deed of the said date, in which deed the private contract was recited. The registrar denied the record solicited for the reason set forth in the following decision:

"The conversion of cautionary notice letter A of property number

2160, made on folio 8, over, of volume 39 of this municipality, into a record is denied because no document is submitted showing that the tutor of the minor children of Rosendo Quiñones y Guzmán, in his character as such, accepts, approves and ratifies the deed of January 7 last which was the object of a recent administrative appeal to the Supreme Court of Porto Rico, as stated in the authorization granted him. No new annotation is necessary. San Germán, April 15, 1914. Rafael B. Sama, Registrar.''

A new appeal was taken by Tomás Quiñones y Guzmán from the above decision and it is submitted to our consideration and decision.

We are of the opinion that the defect or lack of judicial authorization which gave rise to the refusal to record the deed of January 7, 1914, has disappeared by virtue of the decision rendered by the District Court of Mayagüez on March 13 last granting that authorization to the tutor of the minors, Tomás Quiñones y Guzmán, the effects of which authorization were made retroactive as of January 7, 1914. Undoubtedly the retroactive clause was intended to signify that the said deed should be understood to be executed as if Tomás Quiñones y Guzmán had said authorization at the time of its execution, for otherwise the clause would have no practical purpose and would be of no effect. Were the execution of a new deed ratifying the former one necessary, as understood by the registrar, the clause referred to would be superfluous. By virtue of said clause and by its force alone the deed was ratified and clothed with the necessary conditions to give it the proper legal effect, not only as to the conveyance of the house, but also as to the extinguishment of the mortgage. See the case between the same parties decided March 5, 1914, and *Caballero et al.* v. *Pomales et al.,* decided June 6, 1911, 17 P. R. R., 691.

For the foregoing reasons and in view of the special circumstances of the case, the decision appealed from should

be reversed and the Registrar of Property of San Germán ordered to proceed in accordance with the doctrine laid down herein.

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.